UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00767-GNS

HOWARD PERCH, II                                              PLAINTIFF

v.

VERISYS CORPORATION                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The matter is before the court on Defendant's Motion to Seal (DN 17); Defendant's Motion to Transfer Venue or in the Alternative to Dismiss for Failure to State a Claim (DN 18); Plaintiff's Motion to Consider an Amendment to his Complaint (DN 24); and Plaintiff's Motion to Amend/Correct the First Amended Complaint (DN 26). These matters are ripe for adjudication.

**I.**        **STATEMENT OF FACTS AND CLAIMS**

Plaintiff Howard Perch, II ("Perch") brought this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") (Compl., DN 1). Perch authorized Accurate Background, LLC ("Accurate") to conduct a background check as part of the hiring process for Perch's upcoming employment with B.E. Smith LLC ("BES"). (First Am. Compl. ¶¶ 5, 12, DN 6). BES informed Perch that the background check revealed that Perch had been arrested. (First Am. Compl. ¶ 38). BES rescinded its job offer to Perch because of the arrest reflected in the background check. (First Am. Compl. ¶ 41).

Perch alleges that information relating to any of his criminal history was sealed pursuant to a Florida statute, Fla. Stat. § 943.059(4)(a) (2018) ("Florida Sealing Statute"), and therefore should not have been included in the background report. (First Am. Compl. ¶¶ 43-44). Perch

learned the sealed arrest information had appeared in a Fraud Abuse Control Information System Report ("FACIS report"), a trademarked product of Defendant Verisys Corporation ("Verisys"). (First Am. Compl. ¶ 45). Perch requested and received his full file disclosure report via email from Verisys. The disclosure included the FACIS report Verisys provided to Accurate, listing a Drug Enforcement Agency ("DEA") press release ("the DEA press release") stating that a Howard Perch was arrested on February 7, 2017. (First Am. Compl. ¶ 53). Perch now claims that Verisys violated the FCRA by wrongfully providing a third-party background check listing an unverified press release concerning an arrest which Perch alleges was sealed under Florida law. (First Am. Compl. ¶ 5). Perch also maintains that Verisys failed to respond to Perch within the thirty-day window for providing the results of its investigation. (First Am. Compl. ¶ 60).

Perch filed suit in the Western District of Kentucky. Verisys filed its Motion to Transfer or in the Alternative to Dismiss for Failure to State a Claim (DN 18) and its Motion to Seal (DN 17). Plaintiff has filed Motions to Consider an Amendment (DN 24) and to Amend the Complaint (DN 26).

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Plaintiff's Motions to Amend

Perch filed two motions seeking leave to file a Second Amended Complaint. (Pl.'s Mot. Consider Amendment, DN 24; Pl.'s Mot. Pl.'s Mot. Amend Compl., DN 26).[1] A motion for leave

---

[1] The Proposed Second Amended Complaint was filed within the same document as the second motion (DN 26).

to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### 1. *15 U.S.C. § 1681e(b)*

The Proposed Second Amended Complaint alleges that the DEA press release was inaccurate on its face, resulting in Verisys' violation of 15 U.S.C. § 1681e(b) by including the release in its report. (Proposed Second Am. Compl. ¶¶ 69-77, DN 26). Section 1681e(b) requires that credit reporting agencies ("CRAs") "follow reasonable procedures to assure maximum

3

possible accuracy of the information concerning the individual about whom the report relates." Perch states, "Verisys transmitted unverified, false, inaccurate information to another CRA, Accurate, knowing that it was for purposes of Perch's employment and ignored the DEA disclaimer when it Google harvested the information from the DEA's website." (Proposed Second Am. Compl. ¶ 74). According to Perch, the disclaimer found on the website containing the DEA press release stated:

> The department makes no claims, promises or guarantees about the accuracy, completeness or adequacy of the contents of this site . . . the information appearing on this website is for general informational purposes only and is not intended to provide legal advice to any individual or entity. We urge you to consult with your own legal advisor before taking any action based on information appearing on this site or any site to which it may be linked.

(Proposed Second Am. Compl. ¶ 53).

Perch alleges that Verisys disclosed "unverified, incomplete, inaccurate information," but does not provide factual support for this allegation. (Proposed Second Am. Compl. ¶ 48). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Proposed Second Amended Complaint omits any reference to the Florida Sealing Statute as the basis for the claim, but supports Perch's factual allegation by affirmatively stating that Verisys *admitted* the press release was inaccurate and unverified and subsequently removed that reference from its FACIS report. (Proposed Second Am. Compl. ¶ 75). Count I of the Proposed Second Amended Complaint therefore alleges sufficient facts that the information in the report was incorrect and claim under 15 U.S.C. § 1681e(b) may proceed.

  **2.** ***15 U.S.C. § 1681d(d)(3)***

  Verisys argues that Count II should not be allowed to proceed because the FACIS report does not qualify as an "investigative consumer report" as required for a claim to survive under 15 U.S.C. § 1681d(d)(3). (Def.'s Resp. Pl.'s Mot. Amend Compl. 7-10, DN 29). Verisys argues that Perch conceded that Defendant did not develop the report by conducting interviews, as required to be considered an "investigative consumer report" under 15 U.S.C. § 1681a(e), by stating that the press release was included in the report as the result of a Google harvest. (Def.'s Resp. Pl.'s Mot. Amend Compl. 8). Perch appears to have conceded this point in his reply, which would warrant dismissal. (Pl.'s Reply Mot. Amend Compl. 2-3, DN 33). Even if Perch's reply is not construed as a concession, the Proposed Second Amended Complaint does not allege that Verisys conducted interviews to develop the report, a necessary element for the FACIS report to be considered an investigative consumer report and thus to fall within the scope of 15 U.S.C. § 1681d(d)(3). The claim is therefore deficient, and it would be futile to allow Count II to be amended.

  **3.** ***15 U.S.C. § 1681k(a)***

  Perch also proposes to amend Count III, alleging that Verisys violated 15 U.S.C. § 1681k(a). This section applies to CRAs that report public record information in investigative consumer reports that may adversely affect a consumer. Such CRAs must either notify the consumer of the information as provided in Section 1681k(a)(1) or maintain strict procedures to ensure that the information is "complete and up to date" as mandated by Section 1681k(a)(2). Perch claims that Verisys violated both provisions, stating:

> Verisys transmitted unverified, false, inaccurate information to another CRA, Accurate, knowing that it was for purposes of Perch's employment and ignored the DEA disclaimer when it Google harvested the information from the DEA's website.
>
> Verisys failed to maintain strict procedures to insure the public record information it reported was complete and accurate information pursuant to 15 U.S.C.

5

>§1681k(a)(2) and violated §1681k(a)(1) when it failed to notify Perch that public record information was being reported and to identify to whom the public record information was being reported . . . .

(Proposed Second Am. Compl. ¶¶ 89-90). Verisys argues this claim should not be allowed on the basis that Section 1681k requires "inaccuracy as a crucial element." (Def.'s Resp. Pl.'s Mot. Amend Compl. 4). The plain language of the statute does not require the reported information be inaccurate, but only that when information in a public record could conceivably adversely affect a consumer, the CRA must either notify the individual or have strict procedures to *ensure* accuracy and completeness. *See* 15 U.S.C. § 1681k(a). Verisys makes no other argument for dismissal of this cause of action. By alleging Verisys reported inaccurate information found via a Google search and that Verisys did not either notify him nor accurately maintain procedures to ensure the information was accurate, the Proposed Second Amended Complaint sets forth the elements for a Section 1681k violation.

> **4.** *15 U.S.C. § 1681i(a)(1)(A)*

Perch also seeks leave to assert an additional cause of action under 15 U.S.C. § 1681i(a)(1)(A) alleging Verisys violated the response time requirements when it conducted a reinvestigation regarding Perch's dispute of information in the FACIS report. (Proposed Second Am. Compl. ¶¶ 94-100). Perch alleges "Verisys did not timely respond to Perch within the time prescribed by FCRA . . . . [t]hese FCRA violations of Verisys were reckless, wanton, malicious, intentional and done with conscious disregard of Perch's rights." (Proposed Second Am. Compl. ¶¶ 97, 99). Perch continues:

>On January 27, 2020 Perch sent a certified letter to Verisys received by Verisys on January 30, 2020 where Perch requested that Verisys investigate and remove the false DEA media information it transmitted to Accurate in a background check which Perch never authorized or consented Verisys to conduct. Verisys's lawyer responded to Perch's lawyer on March 23, 2020 27 days after the FCRA deadline informing Perch's lawyer that it had removed the contested information. The

unauthorized background check and the 57 days it took Verisys to respond to Perch are both violations of FCRA.

(Proposed Second Am. Compl. ¶ 63).

In response to Perch's motions, Verisys states that because Perch referenced the March 23, 2020, letter in his Proposed Second Amended Complaint, it is entitled to attach the letter in response. (Def.'s Resp. Pl.'s Mot. Amend Compl. 12 n.4). "Where the plaintiff 'fails to introduce a pertinent document as part of [its] pleading, defendant may introduce the exhibit as part of [its] motion attacking the pleading.'" *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (citation omitted). The letter states that Verisys' Gillespie sent a letter to Perch's Hotmail account stating that Verisys had resolved his consumer dispute by email sent on February 14, 2020. (Def.'s Resp. Pl.'s Mot. Amend Compl. Ex. 4, DN 29-5). Perch responds that the email was never received and requests Verisys provide proof of delivery of the communication. (Pl.'s Reply Mot. Amend Compl. 3).

The parties clearly disagree regarding the delivery of Verisys' response. As a result, Count IV of the Proposed Second Amended Complaint alleging Verisys violated 15 U.S.C. § 1681i(a)(1)(A) due to an untimely response is permitted to proceed.

In sum, the Proposed Second Amended Complaint is futile as to Count II alleging a violation of 15 U.S.C. § 1681d(d)(3), but the Proposed Second Amended Complaint may proceed with respect to Counts I, III, and IV alleging violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681k(a)(1)-(2), and 15 U.S.C. § 1681i(a)(1)(A). This motion will be granted in part and denied in part.

    **B.**     **Defendant's Motion to Dismiss**

Verisys moved to dismiss Perch's Section 1681e and 1681k claims alleged in the First Amended Complaint. (Def.'s Mem. Supp. Mot. Transfer 13, DN 18-1). As discussed above, Perch

has since moved for leave to amend the First Amended Complaint, and those motions are granted. Because the allegations in the Second Amended Complaint subsume the allegations in the prior complaints, Verisys' motion to dismiss will be denied as moot. *See Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (W.D. Ky. Dec. 13, 2017) (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### C. Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Besides moving to dismiss the First Amended Complaint, Verisys seeks to transfer this matter to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). (Def.'s Mem. Supp. Mot. Transfer 6). In ruling on a motion to transfer, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party has the burden of showing that transfer to another forum is proper. *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016). To establish that transfer is proper, the moving party must demonstrate that (1) the transferee court is one in which the action could have been brought initially; and (2) on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2004). Venue would be proper in Utah "under the general venue statute, 28 U.S.C. § 1391(b)(2), if 'a substantial part of the events or omissions giving rise to the claim' arose there."

*Id.* In the present action, a significant portion of the relevant activities giving rise to Perch's claim occurred in Utah: a majority of Verisys' employees, officers, and management worked in Utah, Perch emailed employees in Utah to dispute the information in the FACIS report, and Verisys employees in Utah communicated the results of the investigations. (Benson Decl. ¶¶ 13, 26, DN 18-6). Verisys further contends it would be subject to personal jurisdiction in Utah based on its "continuous and systematic" contacts there. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Given that Perch does not contest that venue would have been proper in Utah, the first prong of the Section 1404(a) analysis is satisfied.

In the second step of the inquiry, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). These factors include: "(1) the location of the witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) systematic integrity and fairness; and (6) plaintiff's choice of forum." *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *1 (W.D. Ky. Mar. 9, 2015) (citing *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *2 (W.D. Ky. Sept. 26, 2013)). "[T]ransfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3849 (rev. 4th ed. Aug. 2019 update).

    1.    ***Location of Witnesses***

Verisys argues that a majority of principal witnesses are located in or nearer to the District of Utah than the Western District of Kentucky. (Def.'s Mem. Supp. Mot. Transfer 8-9). The convenience of witnesses is considered to be the most significant factor in the analysis. *Kay*, 494

F. Supp. 2d at 852 (quoting 15 Wright & Miller, *supra*, § 3851). Courts note, however, that a party's employees will seemingly travel to any forum for litigation so that its location holds little weight when deciding a motion to transfer. *See, e.g.*, *First Fin. Bank, Nat'l Ass'n v. Williams*, No. 5:19-CV-128-TBR, 2019 WL 4675392, at *2 (W.D. Ky. Sept. 25, 2019).

The parties have identified three Verisys employees in Utah, Pennsylvania, and Kentucky as potential witnesses. (Benson Decl. ¶ 30; Pl.'s Resp. Def.'s Mot. Transfer 5, DN 21). The absence of a concentration of these witnesses in Utah suggests that their locations weigh against transfer to Utah over Kentucky, especially when coupled with the fact that employees are presumed to travel to any forum for litigation. Non-party witnesses include two Accurate employees in California and two other witnesses located in Illinois and Florida. (Def.'s Mem. Supp. Mot. Transfer 8-9; Pl.'s Resp. Def.'s Mot. Transfer 4). The varied locations of these witnesses also weigh against transfer to the District of Utah.

### 2. *Parties' Residences*

To justify transfer, "[a] defendant . . . must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." *Shaibi v. Louisville & Ind. R.R. Co.*, No. 3:19-CV-00928-GNS, 2020 WL 1539936, at *3 (W.D. Ky. Mar. 31, 2020) (internal quotations omitted) (quoting 15 Wright & Miller, *supra*, § 3848). Further, the Court should "examine[] the degree of contact the parties have with the forum." *Antony v. Buena Vista Books, Inc.*, No. CV 18-205-DLB-CJS, 2020 WL 5995590, at *6 (E.D. Ky. Oct. 1, 2020) (citation omitted).

Perch resides in Florida. (First Am. Compl. ¶ 4; Proposed Second Am. Compl. ¶ 4). Verisys is a Virginia corporation with its principal place of business in Kentucky. (Benson Decl. ¶¶ 11, 3). Verisys became a Kentucky company only recently as the result of a merger that

10

occurred in 2021. (Benson Decl. ¶ 3). Verisys asserts that it was not connected to Kentucky until twenty months after the events alleged in the First Amended Complaint occurred. (Def.'s Mem. Supp. Mot. Transfer 4).

Perch argues that travel to Utah is a greater inconvenience to him because of its distance from Florida as compared to Kentucky. Despite Verisys' lack of contacts with Kentucky at the time of the events in this case, the residence and convenience of the parties weighs minimally in favor of transfer. Perch is wholly unconnected to this District, which affords less weight to whether this is a convenient forum; he will, however, incur slightly more travel expense if this action is in Utah rather than Kentucky. (Pl.'s Resp. Def.'s Mot. Transfer 6). By contrast, because Verisys is a corporation, it is presumed to have a greater ability to fund the litigation than Perch. *See First Fin. Bank*, 2019 WL 4675392, at *3 (citing *McDorman v. D&G Props.*, No. 5:18-CV-36-TBR, 2018 WL 6133167, at *6 (W.D. Ky. Nov. 21, 2018)). Costs incurred by Verisys having to litigate in Kentucky do not outweigh those incurred by Perch to litigate in Utah and thus this factor weighs against transfer.

### 3. *Location of Evidence*

According to Verisys, any relevant information in its possession is in Utah or Nevada. (Benson Decl. ¶¶ 17, 27, 31). Both parties acknowledge, however, that most of the evidence is digital, which allows for easy transfer. (Def.'s Mem. Supp. Mot. Transfer 9; Pl.'s Resp. Def.'s Mot. Transfer 5). This factor, therefore, does not weigh in favor of transfer to Utah.

### 4. *Location of Events*

Courts acknowledge there may be multiple loci of operative fact giving rise to an underlying action. *See McDorman*, 2018 WL 6133167, at *5. Perch asserts that the case is based upon interactions occurring with persons in Florida, California, Illinois, and Utah. (Pl.'s Resp.

11

Def.'s Mot. Transfer 6). Verisys responds, and Perch does not dispute, that none of the relevant facts took place in Kentucky. (Def.'s Mem. Supp. Mot. Transfer 9-10; Benson Decl. ¶ 4). Therefore, this factor is one of the few that weighs in favor of transfer.

### 5. *Systematic Integrity and Fairness*

Courts may consider "the public's interest in having a local controversy adjudicated locally. When both states maintain an interest in the case, the Court is not required to transfer the case." *Conrad v. Transit Auth. of N. Ky.*, CV 19-23-DLB-CJS, 2019 WL 6829952, at *7 (E.D. Ky. Dec. 13, 2019) (internal citation omitted). Where a corporate party has its principal place of business in a district, that state has an interest in the adjudication of the matter. *See Payment All. Int'l, Inc. v. Deaver*, No. 3:17-cv-693-TBR, 2018 WL 661491, at *6 (W.D. Ky. Feb. 1, 2018). Because Verisys now has its principal place of business in Kentucky, the current forum has an interest in the resolution of the matter.

Further, the possibility of forum shopping by a plaintiff who files a case in a district where he does not reside is a concern. *Conrad*, 2019 WL 6829952, at *7. Perch asserts that he filed in this District because Verisys advised that it would not challenge Kentucky as a choice of venue. (Pl.'s Resp. Def.'s Mot. Transfer 7). Verisys counters that its counsel subsequently revoked the proposed venue agreement before suit was filed. (Luckman Decl. ¶ 8, DN 23-1). Regardless of subsequent discussions, this explanation weighs against an allegation of forum shopping as Perch has articulated a valid basis for choosing this District.

### 6. *Plaintiff's Choice of Forum*

Typically, the plaintiff's choice of forum is given great weight, particularly when a plaintiff has filed in his home jurisdiction. 15 Wright & Miller, *supra*, § 3849. "However, the weight accorded the plaintiff's choice of forum 'is . . . reduced . . . where the facts bear little connection

12

to the chosen forum.'" *Pharmerica Corp.*, 2013 WL 5425247, at *4 (alteration in original) (quoting *Adams v. Honda Motor Co.*, No. 3:05-CV-120-S, 2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005)). As noted, Perch resides in Florida. (First Am. Compl. ¶ 4). Due to his only slight connection to Kentucky and residence in another state, Perch's choice of forum receives "significantly less weight than it normally would." *Conrad*, 2019 WL 6829952, at *6 (citing *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, No. 12-CV-39-KSF, 2012 WL 3613300, at *5 (E.D. Ky. Aug. 22, 2012)).

While Kentucky has little factual connection to the issues underlying the instant litigation and there are factors which remain neutral or slightly in favor of transfer, Verisys has not met its burden to show that the current forum is so manifestly inconvenient as to justify transfer to Utah. As a result, the action will remain with the Western District of Kentucky.

### D. Defendant's Motion to Seal

In ruling on a motion to seal, the court "must balance the litigants' privacy interests against the public's right of access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching our decisions." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1181 (6th Cir. 1983). There is a "strong common law presumption in favor of public access." *Id.* at 1179.

Verisys filed an unopposed motion to seal its FACIS report which is the subject of this litigation. (Def.'s Mot. Seal 3, DN 17; Def.'s Mot. Transfer Ex. 1, DN 18-4). "The Sixth Circuit has recognized that sealing confidential financial records can constitute a compelling interest when statutory and regulatory provisions 'clearly indicate Congress' intention that the [financial] records of individuals be kept in strict confidence.'" *Myers v. Am. Educ. Servs.*, No. 1:18-cv-144, 2020

U.S. Dist. LEXIS 260649, at *4 (S.D. Ohio Mar. 13, 2020) (alteration in original) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983)) (granting a motion to seal a credit report pursuant to the FCRA). Congress' clear intent is present as "the FCRA has specific provisions that protect the dissemination of consumer credit reports to third parties without a permissible purpose." *Id.* There is little to no public interest in disclosing Perch's private credit information, given that the FCRA specifically protects disclosure of such information. As a result, the FACIS report may be filed under seal.

Verisys also moves to seal the Florida State Seal Order which sealed all underlying records pertaining to Perch's arrest. (Def.'s Mot. Seal 3; Fla. Seal Order 2, DN 20). Verisys so moves, "because of Plaintiff's allegations respecting that the Florida State Seal Order and associated pleadings in the state court proceeding" that are the subject of the current suit. (Def.'s Mot. Seal 3). Verisys makes no other argument in favor of sealing a Florida state court order that exists in the public domain, falling short of its burden to show that Perch's private interest in sealing the document outweighs the public's right to information.

Finally, Verisys moves to seal a copy of the DEA press release Verisys disclosed on the FACIS report "to protect the claimed and actual privacy rights of Plaintiff." (Def.'s Mot. Seal 3). This press release is still available to the public through Google search, which undermines the argument that the document should then be sealed in this litigation. *See* Deanne L. Reuter, *Florida Hospital Oceanside Executive Director Arrested for Using Doctors' DEA Registrations to Obtain Controlled Narcotics*, Drug Enf't Agency (Feb. 7, 2017), https://whttps://www.dea.gov/press-releases/2017/02/07/florida-hospital-oceanside-executive-director-arrested-using-doctors-deaww.dea.gov/press-releases/2017/02/07/florida-hospital-oceanside-executive-director-

14

arrested-using-doctors-dea (last visited Sept. 21, 2022). The DEA press release will therefore not be sealed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Consider an Amendment to the Amended Complaint (DN 24) and Motion to Amend the Amended Complaint (DN 26) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Proposed Second Amended Complaint (DN 26) alleging violations of 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681k(a)(1)-(2), and 15 U.S.C. § 1681i(a)(1)(A) may proceed. The portions of the Plaintiff's Proposed Second Amended Complaint alleging violation of 15 U.S.C. § 1681d(d)(3) may not proceed.

2. Defendant's Motion to Transfer or in the Alternative Motion to Dismiss (DN 18) is **DENIED**.

3. Defendant's Motion to Seal (DN 17) is **GRANTED IN PART** and **DENIED IN PART**. The FACIS report is sealed in accordance with this order.

Greg N. Stivers, Chief Judge
United States District Court

September 29, 2022

cc: counsel of record